United States District Court
Southern District of Texas
Galveston Division

| | | |
|---|---|---|
| **Jana Reed, Individually and as Representative** § | | |
| **of the Estate of Christopher Reed and on** § | | |
| **behalf of A.R.(a minor); Logan Reed, and Chase** § | | |
| **Reed** § | | |
| *Plaintiffs* § | | **Civil Action No.** |
| § | | |
| **versus** § | | **In Diversity** |
| § | | |
| § | | **Jury Demanded** |
| **Maersk Line-LTD, USA** § | | |
| **Maersk Line, Limited** § | | |
| *Defendants*; § | | |

## Plaintiffs' Original Complaint

**To the honorable Judge of said Court:**

**Come now,** Jana Reed, individual and as representative of the Estate of Christopher "Chris" Reed ("Chris" or "Chris Reed"), and on behalf of minor child, A.R., along with Logan Reed and Chase Reed (hereinafter "the Reeds" or "Plaintiffs") and file this Original Complaint against Maersk Line-LTD, USA and Maersk Line, Limited (hereinafter "Maersk" or "Defendants") and would show the Court as follows:

### A.  Parties

1.  Plaintiffs are all residents of Harris County, Texas.

2.   Defendant Maersk Line-LTD, USA is a foreign corporation with its corporate headquarters in Norfolk, Virginia.  Maersk Line-LTD, USA regularly engages in business in the State of Texas and the waters of the State of Texas.  Maersk Line-LTD, USA's registered agent for service of process in Texas is CT Corporation System who may be served at 1999 Bryan St. Suite 900 Dallas, Texas 75201-3136.

3.  Defendant Maersk Line Limited is a foreign corporation incorporated in the state of Delaware with its corporate headquarters in Norfolk, Virginia. Maersk Line Limited regularly engages in business in the State of Texas and the waters of the State of Texas. Maersk Line Limited's registered agent for service of process in Texas is CT Corporation System who may be served at 1999 Bryan St. Suite 900 Dallas, Texas 75201-3136.

### B.  Jurisdiction and Venue

4.  This is a wrongful death/survival claim which occurred between residents of the State of Texas and foreign defendants. There is complete diversity in this case and the damages in this case will most certainly exceed $75,000. Therefore, there is diversity jurisdiction under 28 U.S.C. § 1332 of the Federal Rules of Civil Procedure.

5.  Venue is appropriate in this Court because "a substantial part of the events or omissions giving rise to the claim occurred" in the Southern District of Texas, specifically Galveston Bay, Texas. 28 U.S.C. § 1391(b)(2).

### B.  Background

6.  It was a beautiful sunny day on June 7, 2019 when Chris and his wife of twenty-nine years, Jana, decided to take an early afternoon fishing trip on Galveston Bay.

7.  Chris and Jana trailered their 20' center console fishing boat to the local boat ramp in Clear Creek and launched for what was to be a nice afternoon on the water, with the hopes of catching a few fish. The Reed's took their boat through Clear Lake and into Galveston Bay and were enjoying their afternoon until tragedy struck.

8.  At approximately 2:40 in the afternoon of June 7, 2019, Chris was piloting their 20' center console fishing boat with Jana by his side when they were travelling from East to West across the Houston Ship Channel in the vicinity of buoys 31 and 32 just north of the Texas City Dike.

9. At the same time, the *M/V Maersk Idaho* was transiting the Houston Ship Channel inbound to the Bayport Container Terminal in the vicinity of buoys 31/32, just north of the Texas City Dike.

10. The *M/V Maersk Idaho*, shown below, is an American Flagged container ship. She is approximately 62,000 deadweight tons, is 958 feet long and approximately 106 feet on her beam.



11. Upon information and belief, at 2:40 p.m., the *M/V Maersk Idaho* was on full speed ahead travelling up the Houston Ship channel at approximately 15 knots.

12. As the Reeds attempted to pass behind the *Maersk Idaho*, they were struck by the *Maersk Idaho's* wake, causing Chris Reed to be jettisoned overboard.

13. As Chris struggled in the water, Jana attempted to rescue him by throwing him a dock line, but he exclaimed that he could not get his arms up. Chris was then hit by another of the *Maersk Idaho's* wakes, and all Jana saw, to her horror, was Chris's shoes floating.

14. Jana then called 911 requesting emergency assistance. She remained on scene trying in vain to locate Chris but to no avail.

15. Unfortunately, Chris's body was recovered on June 9, 2019.

16.     At the time of his death, Chris Reed was fifty-years old—he was not a seaman or a maritime worker.

17.     Chris served in our military as paratrooper and military policeman, and after being honorably discharged in 1990, he moved to League City, Texas where he began his career in law enforcement and where he met his wife Jana.

18.     Chris married Jana in 1990 and they had three children, Logan, Chase and A.R.

### C.  Claims

19.     Plaintiff incorporates paragraphs one through 19 for the purposes of the following claims.

#### Count One:  Negligence

20.     As an operator of a commercial vessel, Maersk had a duty to try and prevent any wake damage which may befall other boaters on Galveston Bay.

21.     It is well established that a vessel causing injury to others by her swell is responsible for any failure to appreciate the reasonable effect of her own speed and motion through the water at the particular place and under the particular circumstances where the injury occurred. *Alamia v. Chevron Transp. Co.*, 660 F. Supp. 1123 (S.D. Miss. 1988).

22.     The *M/V Maersk Idaho's* officers were required to take into consideration others who may reasonably be expected to be affected, and to take all reasonable precautions to avoid injury to other vessels, even though former experience has shown that in the ordinary and usual course of the events they are likely to escape injury or that the *M/V Maersk Idaho* was proceeding on ordinary course and at her customary speed. *Id.*

23.     At approximately 2:40 p.m. on June 7, 2019 the *M/V Maersk Idaho's* was travelling at an excessive speed in violation of 33 CFR § 164.11, which requires all vessels over 1600 gross tons

to set the vessel's speed with consideration for the damage that might be caused by the vessel's wake.

24. Additionally, the officers of the *M/V Maersk Idaho* were required by the Inland Rule of Navigation 5 to maintain a proper lookout to advise the master or pilot of the *Maersk Idaho* of the Reed's vessel and to take preventative measures, and under Rule 6 to maintain a safe speed which would have allowed the *Maersk Idaho* to comply with 33 CFR § 164.11and avoid the damage which befell the Reeds.

25. Because the *Maersk Idaho* violated 33 CFR § 164.11—a rule specifically designed to prevent this type of accident—Plaintiffs invoke the Rule of the *Pennsylvania*. 86 U.S. (19 Wall.) 125, 136, 22 L. Ed. 148 (1873). Under the *Pennsylvania* rule, the Defendant must prove that the violation of the rule intended to prevent this accident <u>could not</u> have been the cause of the accident.

26. Furthermore, because the Reeds were within the class of people 33 CFR § 164.11 were intended to benefit from, the violation of 33 CFR § 164.11 is negligence *per se*.

27. Finally, Plaintiffs aver that the wake characteristics of the *Maersk Idaho* were known or should have been known to the owners and operators of the *Maersk Idaho*, and that it was reasonably certain that a vessel of the size and dimensions of the *Maersk Idaho*—travelling at 15 knots—would create a very large and dangerous wake. This wake would only be magnified in the narrow Houston Ship Channel with the shallow shoals in close proximity to the area the vessel was transiting.

28. Maersk's breaches of these duties caused the death of Chris Reed, and the damages which flow from those breaches as shown below.

**Count 2: Wrongful Death under Texas Law**

29. Plaintiffs incorporate paragraphs 1 through ___ as if fully set forth herein.

30. Plaintiffs, Jana Reed, Logan Reed, Chase Reed and minor child A.R. bring this claim under the Texas Wrongful Death Act.  TEX. CIV. PRAC. & REM. CODE § 71.001 *et. seq.*

31. Plaintiff Jana Reed was Chris Reed's spouse.

32. Plaintiffs Logan Reed, Chase Reed and minor child A.R. are all Chris Reed's children.

33. The Defendants in this case are corporations and are the owner/operator of the *M/V Maersk Idaho*.

34. The Defendants' wrongful acts, as described in this lawsuit caused the death of Chris Reed.

35. Had Chris Reed lived, he would have been entitled to bring an action for these injuries.

36. Chris Reed suffered actual injuries, including:

    a. all pecuniary losses;

    b. mental anguish;

    c. loss of companionship and society

### Count 3: Survival under Texas Law

37. Jana Reed is the legal representative of Chris Reed's estate.

38. Chris Reed had a cause of action for the injuries he suffered, namely the pain and suffering he endured drowning in front of his wife prior to his death as well as his funeral expenses.

39. Had he lived, Chris Reed would have been entitled to a claim for personal injuries and pain and suffering against the Maersk defendants.

40. The Defendant's negligence caused Chris Reed's injuries.

### Count 3: Bystander claim of Jana Reed

41. Jana Reed incorporates Paragraphs 1 through 40 as if fully set forth herein.

42. On June 7, 2019 while mere inches away, Jana Reed witnessed her husband of 29 years knocked overboard and drown from the wake of the *Maersk Idaho*.

43. As a result from witnessing this horrific accident, Jana Reed suffered a direct shock to her psyche and is entitled to recover for her mental anguish.

**Jury Demanded**

44. Pursuant to Seventh Amendment of the United States Constitution and Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs do hereby make their demand for a trial by jury, and tender the jury fee.

## D. <u>Damages</u>

45. As a result of the death of Chris Reed resulting from the legally culpable conduct committed by the Defendants and described above, the Plaintiffs have sustained, are entitled to recover, and seek to recover each and every element of damages permitted by Texas law. Plaintiffs are entitled to have their claims considered by the trier of fact, and a verdict rendered accordingly.

### D1. <u>Wrongful Death Damages for Jana Reed</u>

46. In connection with her cause of action under the Texas Wrongful Death Act, Jana Reed, in her individual capacity as the surviving spouse of Chris Reed, is entitled to recover and seeks to recover in this case damages for past and future:

   a. pecuniary loss resulting from the death of Chris Reed, including but not limited to the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Jana Reed, in reasonable probability, would have received from Chris Reed had he lived;

   b. loss of consortium, companionship and society resulting from the destruction of the husband-wife relationship between Chris Reed and Jana Reed, including the loss of the positive benefits flowing from the love, affection, solace, comfort,

       companionship, society, assistance and sexual relationship that Jana Reed, in reasonable probability, would have received from Chris Reed had he lived;

c. mental anguish, including but not limited to the emotional pain, torment, and suffering experienced by Jana Reed as a result of the death of Chris Reed;

d. loss of inheritance, meaning the loss of the present value of the assets that Chris Reed, in reasonable probability, would have added to the estate and left to Jana Reed at his natural death had he lived; and,

e. mental anguish as a bystander to the injury and drowning of her husband.

### D.2    Wrongful Death Damages for Logan Reed

1. In connection with her cause of action under the Texas Wrongful Death Act, Logan Reed, as a surviving child of Chris Reed, is entitled to recover and seeks to recover in this case damages for past and future:

a. pecuniary loss resulting from the death of Chris Reed, including but not limited to the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Logan Reed, in reasonable probability, would have received from Chris Reed had he lived;

b. loss of consortium, companionship and society resulting from the destruction of the parent-child relationship between Logan Reed and Chris Reed, including the loss of the positive benefits flowing from the love, affection, solace, comfort, companionship, society, assistance and sexual relationship that Logan Reed, in reasonable probability, would have received from Chris Reed had he lived;

c. mental anguish, including but not limited to the emotional pain, torment, and suffering experienced by Logan Reed as a result of the death of Chris Reed;

    d. loss of inheritance, meaning the loss of the present value of the assets that Chris Reed, in reasonable probability, would have added to the estate and left to Logan Reed at his natural death had he lived.

### D.3     Wrongful Death Damages for Chase Reed

2. In connection with his cause of action under the Texas Wrongful Death Act, Chase Reed, as a surviving child of Chris Reed, is entitled to recover and seeks to recover in this case damages for past and future:

    a. pecuniary loss resulting from the death of Chris Reed, including but not limited to the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that Chase Reed, in reasonable probability, would have received from Chris Reed had he lived;

    b. loss of consortium, companionship and society resulting from the destruction of the parent-child relationship between Chase Reed and Chris Reed, including the loss of the positive benefits flowing from the love, affection, solace, comfort, companionship, society, assistance and sexual relationship that Chase Reed, in reasonable probability, would have received from Chris Reed had he lived;

    c. mental anguish, including but not limited to the emotional pain, torment, and suffering experienced by Chase Reed as a result of the death of Chris Reed;

    d. loss of inheritance, meaning the loss of the present value of the assets that Chris Reed, in reasonable probability, would have added to the estate and left to Chase Reed at his natural death had he lived.

### D.4    Wrongful Death Damages for minor child A.R.

3.    In connection with her cause of action under the Texas Wrongful Death Act, minor child A.R., as a surviving child of Chris Reed, is entitled to recover and seeks to recover in this case damages for past and future:

   a. pecuniary loss resulting from the death of Chris Reed, including but not limited to the care, maintenance, support, services, advice, counsel, and reasonable contributions of a pecuniary value that minor child A.R., in reasonable probability, would have received from Chris Reed had he lived;

   b. loss of consortium, companionship and society resulting from the destruction of the parent-child relationship between minor child A.R. and Chris Reed, including the loss of the positive benefits flowing from the love, affection, solace, comfort, companionship, society, assistance and sexual relationship that minor child A.R., in reasonable probability, would have received from Chris Reed had he lived;

   c. mental anguish, including but not limited to the emotional pain, torment, and suffering experienced by A.R. as a result of the death of Chris Reed;

   d. loss of inheritance, meaning the loss of the present value of the assets that Chris Reed, in reasonable probability, would have added to the estate and left to minor child A.R. at his natural death had he lived.

### D.5    Estate of Christopher Reed

50.    In connection with her cause of action under the Texas Survival Statute, Jana Reed, in her capacity as personal representative of the Estate of Christopher Reed, is entitled to recover and seeks to recover in this case on behalf of the Estate of Christopher Reed and his heirs, both known

and unknown, all damages sustained by Christopher Reed prior to his death, including but not limited to:

    a.    physical pain and suffering experienced by Chris Reed prior to his death;

    b.    mental anguish experienced by Chris Reed prior to his death;

    c.    funeral and burial expenses of Chris Reed.

### D.5   Pre- and Post-Judgment Interest

51.    Plaintiffs are entitled by law to recover pre-judgment and post-judgment interest at the legal rate, for which Plaintiffs here and now sue for recovery, as allowed by the laws of the State of Texas.

### E.   PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiffs pray that upon final trial hereof, Plaintiffs have judgment against Defendants, jointly and severally, that they recover their damages in accordance with the evidence, including actual damages in an amount to be set by the trier of fact, that they recover costs of court herein expended, interest, both pre and post judgment, to which they are entitled under the law, and for such other and further relief, both general and special, legal and equitable, to which they may be justly entitled

    Filed this 22nd day of July, 2019.

    Respectfully submitted,

    **THE CREW LAW FIRM, P.C.**

    */s/ Paxton N. Crew*
    **Paxton N. Crew**
    ATTORNEY-IN-CHARGE FOR PLAINTIFFS
    SDTX 859147
    TBA No. 24058720
    303 E. Main, Suite 260
    League City, Texas 77573

Paxton@thecrewlawfirm.com
Telephone 713-955-0909
Facsimile 409-908-4050

And

*/s/ John W. Stevenson, Jr.*
JOHN W. STEVENSON, JR.
SDTX:  3992
State Bar No. 19196050
Stevenson & Murray
24 Greenway Plaza, Suite 750
 Houston, Texas 77046
jstevenson@stevensonmurray.com
(713) 622-3223 Office
(713) 622-3224 Facsimile

12