UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
GALVESTON DIVISION

| | | |
|---|---|---|
| JANA REED, *individually and as Representative of the Estate of Christopher Reed and on behalf of A.R.*, ET AL., | § § § § § | |
| Plaintiffs. | § § | |
| VS. | § § | CIVIL ACTION NO. 3:19-cv-00238 |
| MAERSK LINE, LIMITED, ET AL., | § § § | |
| Defendants. | § | |

## ORDER ON PLAINTIFFS' MOTION TO STRIKE THE LATE DESIGNATION OF DR. DICK YUE

Before me is Plaintiffs' motion to strike the designation of Dr. Dick Yue as an expert witness. *See* Dkt. 92. Defendants have filed a lengthy opposition brief (*see* Dkt. 97), and Plaintiffs have submitted a reply brief in support of their motion. *See* Dkt. 99. For the reasons explained below, the motion is **DENIED**.

## BACKGROUND

To set the stage, I provide a little background information. The initial docket control order issued in this case called for Plaintiffs to submit expert designations and reports by June 28, 2020, and for Defendants to provide their expert designations and reports by August 2, 2020. *See* Dkt. 14. The parties agreed to extend the date for Defendants to provide expert designations and reports to August 17, 2020.

A few weeks before Plaintiffs' expert designation deadline, Plaintiffs asked the Court to modify the Court's deadline for filing one discrete expert report—a naval architect expert. *See* Dkt. 40. Defendants did not oppose this request. Under Plaintiffs' proposal, they would timely designate the identity of their naval architect expert, but not produce an expert report until a later date. To accommodate the Defendants, Plaintiffs agreed that upon receipt of their expert report, Defendants would have 30 days to name their own naval architect rebuttal expert and to conduct discovery into the opinions set forth in Plaintiffs' expert report. *See* Dkt. 45 at 3.

In accordance with the parties' wishes, the Court issued an order on June 22, 2020, extending Plaintiffs' deadline to file the expert report of their naval architect, and setting a date for the Defendants to provide the identity and expert report for their rebuttal naval architect. *See* Dkt. 52. The Court order provided, in relevant part:

| Case Event | Current Deadline | Amended Deadline |
|---|---|---|
| Plaintiffs' naval architect expert report | N/A | October 30, 2020 |
| Defendants' rebuttal naval architect rebuttal expert report | N/A | December 1, 2020 |

*Id.*

On June 26, 2020, Plaintiffs designated their experts, including naval architect expert Brant Savander. At the same time, Plaintiffs provided all their expert reports to the other side, except for Savander's report. *See* Dkt. 54. Per the

Court's June 22, 2020 order, Savander's report was not due until the end of October 2020.

Fast forward to October 30, 2020. In a bit of a surprise, Plaintiffs did not produce an expert report for Savander. Instead, Plaintiffs de-designated Savander as a testifying expert that day. *See* Dkt. 76. When December 1, 2020, the date the Court had previously stated Defendants could designate a "rebuttal naval expert" and provide a "rebuttal expert report" rolled around, Defendants designated Dr. Dick Yue as a testifying, rebuttal naval architect expert. *See* Dkt. 81 at 2.

## THE PARTIES' CONTENTIONS

In their motion to strike, Plaintiffs argue that I should strike Dr. Yue as an expert witness. Boiled down to its basics, Plaintiffs' position is this:

> Maersk's original testifying designations and expert reports were due in this case on August 17, 2020. Nevertheless, Maersk designated Dr. Yue, and have argued that it was relying on the Court's June 22, 2020 Order allowing it to designate a "naval architect expert on December 1, 2020." But the Order does not say Maersk can designate a testifying naval architect expert. It says that Maersk's "rebuttal naval architect rebuttal expert report" is due on December 1, 2020. The Order does not mention when Maersk was supposed to designate its naval architect at all. *See* Dkt. No. 52 at pg. 1. Instead, Maersk took a calculated risk in waiting to designate its expert—whom was retained all the way back on June 9, 2020. This gamble, which Maersk has now averred was all caused by the Plaintiff, should not be rewarded.

Dkt. 92 at 4.

Defendants vigorously oppose Plaintiffs' effort to strike Dr. Yue. Defendants argue that they timely designated Dr. Yue because the Court extended their deadline to designate a rebuttal naval architect until December 1, 2020. In

Defendants' eyes, it is immaterial that Plaintiffs de-designated their naval architect expert because the substance of Dr. Yue's testimony rebuts the opinions of others who will be called to provide expert testimony on behalf of the Plaintiffs. Stated simply, Defendants maintain:

> Dr. Yue is indeed a rebuttal naval architect. His opinions contradict opinions of Plaintiffs' various expert witnesses on the same subject matter, wake wave height and related wake characteristics discussed above, so he meets the definition of a rebuttal witness under Rule 26(a)(2)(D). Accordingly, Maersk timely designated him and produced his rebuttal expert report in accordance with the Order Amending Scheduling Order, Dkt. 52.

Dkt. 97 at 16.

## ANALYSIS

The Court previously extended Defendants' deadline to designate a rebuttal naval architect expert and provide that expert's report to December 1, 2020; so the ultimate question I must answer here is whether Dr. Yue has been properly designated as a rebuttal naval architect expert. If the answer is yes, he can testify at trial. If the answer is no, he should not be permitted to offer expert opinions at trial.

Federal Rule of Civil Procedure 26(a)(2)(D)(ii) allows for the designation of a rebuttal expert witness "solely to contradict or rebut evidence on the same subject matter identified by another party under Rule 26(a)(2)(B) or (C)." Earlier this year, United States District Judge Amos L. Mazzant summarized the legal landscape concerning when rebuttal expert testimony is permitted.

The scope of rebuttal testimony is ordinarily a matter to be left to the sound discretion of the trial judge. A 'rebuttal' report explains, repels, counteracts, or disproves evidence of the adverse party's initial report. Rebuttal is a term of art, denoting evidence introduced by a plaintiff to meet new facts brought out in his opponent's case in chief. When addressing whether an expert witness is a rebuttal witness, district courts often ask three questions:

> First, what evidence does the rebuttal expert purport to contradict or rebut? Second, is the evidence disclosed as rebuttal evidence on the same subject matter as that identified by another party in its Rule 26(a)(2)(B) disclosure? Third, is the evidence disclosed as rebuttal evidence intended solely to contradict or rebut that evidence?

Impermissible rebuttal testimony should be excluded.

*Gibson Brands, Inc. v. Armadillio Distrib. Enters., Inc.*, 4:19-CV-00358, 2021 WL 231764, at *1 (E.D. Tex. Jan. 22, 2021) (cleaned up).

With this legal backdrop clearly defined, I now turn to the particular facts of this case. To determine whether Dr. Yue is, in fact, a proper rebuttal expert, I must identify what evidence he purports to rebut, and assess whether his opinions "contradict or rebut evidence on the same subject matter" as offered by Plaintiffs' testifying experts. FED. R. CIV. P. 26(a)(2)(D)(ii). Through timely submitted expert reports, Plaintiffs' experts opine on a plethora of issues. These include:

- The size of the wake generated by the *M/V Maersk Idaho* in the spoils where Christopher Reed fell overboard. Plaintiffs' experts Captain Jay Rivera and Captain Steven J. Cunningham contend that the wake was between six to 13 feet. *See* Dkt. 97-5 at 19 (Captain Rivera concluding that it is "extremely likely the M/V Maersk Idaho produced the wave heights in the range of 6 to 8 feet"); Dkt. 97-6 at 9 (Captain Cunningham concluding that the "elevation changes recorded aboard the Reed boat were in the range of 1 to 3 meters (3.3 to 9.8 feet) to a maximum of 2 to 4

5

meters (6.5 to 13 feet) after encountering MAERSK IDAHO's wake").

- That the spoils area would increase the size of a wake. Plaintiffs' expert Dr. Wendy Sanders asserts that "[t]he wake of the *Maersk Idaho*, while of smaller amplitude in the deeper waters of the Houston Shipping channel, would become substantially larger in a short period of time as a result of the shallow waters in the spoil area near the channel." Dkt. 97-4 at 17.

- How the size of the wake is affected by the speed of a ship. For the Plaintiffs, Captain Rivera came to the conclusion that "[t]he high speed at which the Maersk Idaho was transiting in a narrow channel with spoil banks at its edges, created a significant wake." Dkt. 97-5 at 19.

Turning to Dr. Yue's expert report, I have reviewed and digested his opinions to the best of my ability. As an overview, Dr. Yue begins his report by noting: "Based on the existing theories of ship-wave generation and wave propagation in finite water depth, we analyzed the wake properties of the Maersk Idaho advancing on the Houston Ship Channel." Dkt. 97-7 at 1. He then proceeds to offer testimony and mathematical formulas contradicting or rebutting the opinions offered by Plaintiffs' experts, as described above. For example, while Plaintiffs' experts claim the wake was between six to 13 feet, Dr. Yue "found that the maximum possible height of Idaho-generated-waves in the water" within .5 nautical miles "could not be more than 0.67 m (i.e. 2.2 ft.)." *Id.* Although Dr. Sanders maintains that the wake of the *M/V Maersk Idaho* would have been smaller in the "deeper waters of the Houston Shipping channel," Dkt. 97-4 at 17, Dr. Yue reaches the exact opposite conclusion: the largest waves would be in the Houston Ship Channel. Finally, Dr. Yue challenges Captain Rivera's opinion that the vessel's high speed created a

6

significant wake. Taken together, it is clear to me that Dr. Yue's opinions directly rebut the opinions of Dr. Sanders, Captain Rivera, and Captain Cunningham, all testifying experts offered by Plaintiffs. Additionally, in my view, there is no doubt that Dr. Yue's testimony is intended solely to rebut the testimony offered by Plaintiffs' experts.

Plaintiffs argue that Dr. Yue is not a proper rebuttal witness because "he does not refer or even consider any other expert in his entire file." Dkt. 99 at 1. But this argument completely misses the point. Dr. Yue does not have to refer to Plaintiffs' experts by name for his testimony to qualify as rebuttal testimony. The fundamental question is whether Dr. Yue's report "explains, repels, counteracts, or disproves evidence" contained in Plaintiffs' expert reports. *CEATS, Inc. v. TicketNetwork, Inc.*, No. 2:15-CV-01470, 2018 WL 453732, at *3 (E.D. Tex. Jan. 17, 2018). To this extent, the answer is clear. Dr. Yue's opinions relate to the same subject matter as those in Plaintiffs' expert reports.

Plaintiffs also take the position that the Court's June 22, 2020 order "only allowed Defendant[s] to designate a 'rebuttal naval architect' and produce a 'rebuttal expert report' in response to any opinions that may be offered by Plaintiffs' naval architect." Dkt. 92 at 2. Because Plaintiffs eventually de-designated their naval architect expert, they contend that Defendants did not have the right to present a rebuttal naval architect. I disagree with Plaintiffs. Nothing in the Court's June 22, 2020 order limits the ability of Defendants to offer rebuttal testimony to a naval architect designated by Plaintiffs. The June 22, 2020 order

7

simply says that Defendants may designate a rebuttal naval architect and provide a corresponding expert report by December 1, 2020. That is exactly what Defendants did here.

All told, I find that Dr. Yue was timely designated as a rebuttal naval architect expert witness. Dr. Yue should be permitted to testify at trial. Accordingly, Plaintiffs' motion to strike (Dkt. 92) is **DENIED**. In the event Dr. Yue has yet to sit for a deposition, Defendants should make Dr. Yue available for a video deposition by Thursday, May 13, 2020.

SIGNED on this 4th day of May 2021.

_____
ANDREW M. EDISON
UNITED STATES MAGISTRATE JUDGE